Official Form 420A (Notice of Motion or Objection) (12/16)

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re    Jake's Real Estate, LLC
*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*

           Debtor

Address    C/O Jake Replogle 13620 Park Cir N , Elm Grove, WI 53122

Case No. 24-24859-rmb

Chapter 11

Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): _____

Employer's Tax Identification (EIN) No(s).(if any): _____

## NOTICE OF MOTION OF COMMUNITY LOAN SERVICING, LLC FKA BAYVIEW LOAN SERVICING, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT

Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC, the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), has filed papers with the court for an order for relief from the automatic stay and abandonment.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before <u>December 06, 2024</u>, you or your attorney must:

     File with the court a written objection to the motion and a request for a hearing at:

Clerk, U.S. Bankruptcy Court
U.S. Courthouse
517 E. Wisconsin Avenue, Room 126
Milwaukee, WI 53202-4500

If you mail your request and objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151-2841

Dillon J. Ambrose, DOJ
517 East Wisconsin Avenue
Suite 430
Milwaukee, WI 53202

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: November 22, 2024    Signature: _____

                           Name:    Christopher C. Drout

                           Address: Gray & Associates, L.L.P.

                                    16345 West Glendale Drive

                                    New Berlin, WI 53151-2841

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IN RE
Jake's Real Estate, LLC

Chapter: 11

Case No. 24-24859-rmb

Debtor.

**MOTION OF COMMUNITY LOAN SERVICING, LLC FKA BAYVIEW LOAN SERVICING, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT**

1. Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC, the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), through its attorneys, Gray & Associates, L.L.P., hereby moves the court for an order for relief from the automatic stay and abandonment pursuant to sections 362(d) and 554(b) of the Bankruptcy Code and alleges as follows:

2. The movant holds a promissory note and mortgage encumbering real property owned by the debtor(s) and located at 21445 Gumina Rd, Brookfield, WI 53072-2959. A copy of the note and mortgage are being electronically filed with the court simultaneously with this motion and their contents are incorporated herein by reference. Copies of these and any other documents electronically filed in support of this motion are available upon request to counsel for the movant.

3. Prior to the debtor's bankruptcy filing, the movant initiated foreclosure proceedings in Waukesha County (Case 24-CV-000281) on the property due to the debtor's default under the terms of the Note and Mortgage.

Drafted by:

Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151-2841
Phone: (414) 224-8404
Fax: (414) 224-1279
Email: cdrout@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

4. On April 8, 2024, the Waukesha County Circuit Court entered a final judgment of foreclosure in favor of the movant, awarding the movant a judgment in the amount of $1,226,924.78.

5. The movant conducted a sheriff's sale with respect to the property on August 14, 2024, in which the movant was the winning bidder in the amount of $990,929.55.

6. The debtor's filing of this bankruptcy petition stayed the movant's request for confirmation of the sheriff's sale which was scheduled to be heard on September 17, 2024.

7. That the debtor is in default under the terms of the Note and Mortgage and the loan is contractually due for the October 1, 2023, payment.

8. The debtor has not made any post-petition payments to the movant, and the secured debt continues to accrue interest, fees, and charges. The movant's interest is not adequately protected due to this continuing default.

9. The debtor has not offered or provided adequate protection for the movant's interest, such as payments, to compensate for the continued delay in foreclosure and accrual of additional debt. The movant's security interest is deteriorating as a result.

10. The default in payments constitutes "cause" for terminating the automatic stay under section 362(d)(1) of the Bankruptcy Code.

11. That failure to make the monthly payments has resulted in the loss of adequate protection of the movant's interest in the encumbered property, thereby entitling the movant to relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

12. That the estimated fair market value of the property according to the local assessor's office is $1,005,535.00.

13. That as of October 1, 2024, the total amount due the movant was approximately $1,267,966.50.

14. That there is no equity in the property over and above the liens of the secured creditors, unpaid real estate taxes and other liens of record. The lack of equity in the property, which is unnecessary for an effective reorganization, entitles the movant to relief from the automatic stay under

section 362(d)(2) of the Bankruptcy Code.

15. The allegations of the foregoing paragraphs indicate that the property is burdensome and of inconsequential value and benefit to the bankruptcy estate. The trustee should be ordered to abandon the estate's interest, if any, in the property pursuant to section 554(b) of the Bankruptcy Code, while reserving the estate's interest in any surplus funds which might exist if the property is sold and the movant has been paid in full.

16. That the movant's legal fees and costs associated with this motion are $1,249.00.

WHEREFORE, the movant requests that the automatic stay be terminated pursuant to section 362(d) of the Bankruptcy Code so that the movant may protect, exercise and enforce its rights pursuant to said note and mortgage and that the court enter an order of abandonment regarding the property pursuant to section 554(b) of the Bankruptcy Code, that the movant's legal fees and costs associated with this motion be approved, that any order entered pursuant to this motion be effective immediately upon its entry and for such further relief as may be just and equitable.

Dated this \_\_\_22nd\_\_\_ day of November, 2024.

        Gray & Associates, L.L.P.
        Attorneys for Movant

By: _____
        Christopher C. Drout
        State Bar No. 1049882

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IN RE
Jake's Real Estate, LLC

Chapter: 11

Case No. 24-24859-rmb

Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2024, the notice of motion and motion for an order for relief from the automatic stay and abandonment was electronically filed in this case and served upon the following parties using the ECF system:

Dillon J. Ambrose

Eastern District U.S. Trustee

Daniel J McGarry

I further certify that on the same date, I mailed the same document(s) by the United States Postal Service to the following non-ECF participants:

See Attached List

Dated this 22nd day of November, 2024

Stephanie E Weber, Bankruptcy Analyst
Gray & Associates, L.L.P.

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.